FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES RICHARD L.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:19-CV-00008-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. Plaintiff brings this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner of Social Security's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401-434, and his application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §1381-1383F. *See* Administrative Record (AR) at 1-7, 24-49. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 1

below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I. Jurisdiction

Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income on October 9, 2015. See AR 27, 252-57, 260-65. In both applications, he alleged disability beginning on May 7, 2015.[1] AR 254, 260. Plaintiff's applications were initially denied on March 18, 2016, see AR 157-160, and on reconsideration on July 18, 2016. See AR 165-177. Plaintiff then filed a request for a hearing on August 5, 2016. AR 178-79.

A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on July 6, 2017. AR 56, 58. On November 16, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled as defined in the Act and was therefore ineligible for disability benefits or supplemental security income. AR 24-49. On November 29, 2018, the Appeals Council denied Plaintiff's request for review, AR 1-7, thus making the ALJ's ruling the final decision of the Commissioner. See 20 C.F.R. § 404.981. On January 8, 2019, Plaintiff timely filed the present action challenging the denial of benefits. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

---

[1] However, for claims under Title XVI, the month after the application's filing date is the earliest that SSI benefits are payable. See 20 C.F.R. § 416.335.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

## II. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under this section is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). The Court reviews the Commissioner's legal conclusions de novo and his or her factual findings for substantial evidence. *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 867 (11th Cir. 2019). With respect to the former, "'[t]he Commissioner's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Id.* (quoting *Ingram v. Astrue*, 496 F.3d 1253, 1260 (11th Cir. 2007)).

## III. Statement of Facts[2]

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 48 years old on the alleged date of onset, which the regulations define as a younger person. AR 47, 97; *see* 20 C.F.R. §§ 404.1563(c), 416.963(c). He graduated from college with a bachelor's degree in political science and can read, write, and communicate in English. AR 291, 293,

---

[2] The Court would ordinarily outline the Commissioner's five-step sequential evaluation process as well as the ALJ's findings with respect to each step. However, because Plaintiff raises procedural issues that are not substantively related to the sequential evaluation process, this recitation is unnecessary in this case.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 3

1658. He has past relevant work as an optician, a bus driver, and as a labor union business representative. AR 47, 87-89, 311. He served in the United States Navy for seven years. AR 1184, 1779.

### IV. Procedural History

When Plaintiff submitted his application for benefits in late 2015, he was represented by a disability advocacy company based in Minnesota. AR 163-64. In his application, Plaintiff noted that he was receiving treatment from multiple doctors at the U.S. Department of Veterans Affairs (VA) Medical Center in Spokane. AR 295-97.

In August 2016, the VA decided Plaintiff's entitlement to VA benefits and issued a rating decision explaining the details of the award. *See* AR 1186-97, 1202-1212.

In April 2017, Plaintiff's representative submitted a form to the ALJ "detail[ing] every medical provider of which [he was] aware." AR 353; *see* 20 C.F.R. § 404.1512(a). This list included the Spokane VA Medical Center. AR 360. Plaintiff's representative stated that he would "assist the claimant with obtaining and submitting the medical records from these providers prior to the hearing date." AR 353.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

In June 2017, Plaintiff was evaluated by Dr. Marvin Kym of Kym Orthopedics for his knee condition. AR 1149-52. By the time of the hearing, Plaintiff had only attended this one appointment.

In July 2017, the ALJ held the hearing. AR 56, 58. The ALJ received and considered a significant amount (470 pages) of records from the VA Medical Center. AR 53-55; *see* AR 492-557, 559-584, 623-731, 738-878, 963-1062, 1154-1182. These records encompassed August 2016—the time period in which the VA considered and issued its disability rating. *See* AR 738-878, 963-1062. However, for reasons that are unknown, the VA rating decision was not provided to the ALJ. The ALJ also received and considered the chart note from Plaintiff's one appointment at Kym Orthopedics. *See* AR 1149-1153.

Following the hearing, Plaintiff continued receiving knee treatment from Kym Orthopedics. In August 2017, he underwent MRIs which revealed medial meniscus tears in both knees. AR 2120-23. In October 2017, Dr. Kym performed surgery to repair a "complex degenerative tear" in Plaintiff's left medial meniscus. AR 2125-26.

In November 2017, the ALJ issued her decision denying Plaintiff benefits. AR 27-49. In it, the ALJ referenced the VA records she had available—particularly Plaintiff's MRI scans, his reports of daily activities, and his doctors' examination findings—but never referenced the VA's rating decision, given that she did not

have it. *See* AR 35-38, 41-44. In finding that Plaintiff only had mild knee arthritis, the ALJ discussed the June 2017 Kym Orthopedics chart note. AR 39. The ALJ did not have the recent MRIs or surgical report from Kym Orthopedics.

Shortly after the ALJ issued her decision, the disability advocacy company withdrew from the case. AR 23. Plaintiff then retained counsel. AR 246-48. Through counsel, Plaintiff requested review of the ALJ's decision. AR 238-240. In his request, Plaintiff advised the Appeals Council that his prior representative failed to provide his VA rating decision to the ALJ. AR 239. Because the Commissioner is required to give "great weight" to VA rating decisions, Plaintiff asked the Appeals Council to remand to the ALJ so that she could re-hear the matter with the benefit of the rating decision. AR 239.

On March 2, 2018, Plaintiff mailed the Appeals Council a copy of the VA's August 2016 rating decision. AR 1183; *see* AR 1186-1197. Plaintiff also included a recent letter from the VA dated January 4, 2018, which briefly summarized his VA benefits for purposes of applying to various government programs that required him to verify his benefits. AR 1184-85.

On March 14, 2018, Plaintiff mailed the Appeals Council a lengthy letter re-emphasizing the importance of the VA's rating decision that his prior representative had failed to provide the ALJ. AR 369-71. Plaintiff also included copies of his August 2017 knee MRIs and Dr. Kym's operative report, which his

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 6

prior representative had also failed to provide the ALJ. AR 370. Plaintiff argued that if the ALJ had the opportunity to review these records, they would likely have changed her conclusion that he only suffered from mild knee arthritis. AR 370.

In October 2018, Plaintiff wrote the Appeals Council to bring to its attention the Ninth Circuit's recent decision in *Luther v. Berryhill*, 891 F.3d 872 (9th Cir. 2018), which held that the ALJ in that case erred by failing to adequately consider the claimant's VA disability rating. AR 12-17; *see Luther*, 891 F.3d at 877. Plaintiff attached a copy of the Ninth Circuit's opinion to his letter. AR 12-17.

In early November 2018, Plaintiff received approximately 800 pages of medical records from the VA in response to his counsel's request for all records relating to his disability rating. AR 10. Many of those records related to treatment Plaintiff received during the period at issue. *See* AR 1202-1602, 1690-1763. Plaintiff then filed those records with the Appeals Council. AR 10.

In late November 2018, the Appeals Council denied Plaintiff's request for review. AR 1-7. As to the new evidence Plaintiff had submitted, the Appeals Council first rejected the evidence from Kym Orthopedics (the August 2017 knee MRIs and Dr. Kym's October 2017 surgical report), reasoning that it did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." AR 2. As to the VA disability rating, the Appeals Council then stated:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 7

> You submitted Veterans Affair Benefits, dated January 4, 2018, (15 pages). The Administrative Law Judge decided your case through November 16, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 16, 2017.

AR 2. As to the 800 pages of VA records Plaintiff had recently submitted, the Appeals Council ignored these and did not mention them at all in its order. *See* AR 2.

## V. Issues for Review

Plaintiff argues that: (1) the ALJ did not fulfill her duty to fully and fairly develop the record because she did not *sua sponte* seek to obtain records from the VA relating to his application for VA disability benefits; (2) the Appeals Council improperly rejected the new evidence Plaintiff submitted with his request for review, which included the VA rating decision, roughly 800 pages of VA medical records, and records from Kym Orthopedics; and (3) the ALJ's hypothetical questions for the vocational expert did not account for all of his limitations.[3] ECF No. 12 at 9-17.

---

[3] Plaintiff makes passing references to other alleged errors in his Assignments of Error, ECF No. 12 at 1-2, as well as in his description of the ALJ's findings under each step of the sequential evaluation process. *Id.* at 8-9. For example, he mentions that the ALJ erred in weighing the medical opinion evidence, by discounting his subjective pain complaint testimony, by not finding additional severe impairments at step two, by not finding that his impairments met or equaled a Listing, and by finding that other jobs existed in the national economy that he could perform. *See id.* at 2, 8-9. However, it appears that Plaintiff's asserted basis for all of these additional alleged errors is the Commissioner's failure to consider the VA and orthopedic records that he submitted with his request for review.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 8

## VI. Discussion

### A. The Commissioner Improperly Rejected New, Material Evidence that Relates to the Relevant Period at Issue

Plaintiff argues that the Appeals Council erroneously rejected the new evidence he submitted with his request for review. ECF No. 12 at 9-16. This new evidence included his August 2016 VA rating decision, the roughly 800 pages of VA medical records, and the MRIs and surgery report from Kym Orthopedics. *Id.* Plaintiff asks the Court to remand the case to give the Commissioner the opportunity re-examine the decision with the benefit of this relevant evidence. *Id.* at 2.

When an ALJ issues a decision denying benefits, the claimant may seek review by the Appeals Council. 20 C.F.R. § 404.967. The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). The claimant must also show good cause for not submitting the evidence to the ALJ. 20 C.F.R. § 404.970(b).

Courts may only review "final decision[s]" of the Commissioner. 42 U.S.C. § 405(g). When the Appeals Council denies a request for review, the ALJ's decision becomes the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Because Appeals Council decisions adjudicating claimants' requests for review are

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9**

non-final agency actions, federal courts do not have jurisdiction to affirm nor reverse them. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011); *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).

What courts do, then, is review the ALJ's decision for substantial evidence based on the entire record, which includes the new evidence submitted to the Appeals Council. *Brewes*, 682 F.3d at 1162. And in cases "[w]here the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Taylor*, 659 F.3d at 1233. This rule includes situations where the Appeals Council rejected new medical evidence based on a mistaken belief that the evidence did not relate to the period at issue. *See id.*; *accord Edgecomb v. Berryhill*, 741 F. App'x 390, 393 (9th Cir. 2018); *Amber Lynn F. v. Comm'r of Soc. Sec.*, Case No. 1:18-CV-03072-RHW, ECF No. 19, at 9-12 (E.D. Wash. 2019).

In this case, the relevant period is May 7, 2015 (the alleged onset date) to November 16, 2017 (the date the ALJ issued her decision). *See* AR 28, 49. The VA issued its rating decision in August 2016, which is squarely within the time period at issue. AR 1186-97. Many of the 800 pages of records that the VA provided in response to Plaintiff's request for documents pertaining to his disability rating also

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 10

relate to this period. *See* AR 1202-1602, 1690-1763. In denying Plaintiff's request for review, the Appeals Council rejected the VA rating decision on the grounds that it did "not relate to the period at issue." AR 2. This was plainly incorrect. The Appeals Council mistakenly stated that all of the VA records were "dated January 4, 2018." AR 2. However, the only record with this date was the short letter summarizing Plaintiff's VA benefits for him to use in applying to various government programs. *See* AR 1184-85. It appears that the Appeals Council only looked at the first page of the records (the January 4, 2018 letter) and then mistakenly assumed that this date applied to all of them.

In short, the Appeals Council rejected the VA records based on a mistaken belief that they did not relate to the period at issue, when they in fact did. In these situations, "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence."[4] *Taylor*, 659 F.3d at 1233; *accord Edgecomb*, 741 F. App'x at 393; *Amber Lynn F.*, Case No. 1:18-CV-03072-RHW, ECF No. 19, at 9-12. Moreover, the fact that the ALJ never had the

---

[4] For the Appeals Council to review a case based on additional evidence, the claimant must also show (1) good cause for not submitting the evidence earlier, and (2) a reasonable probability that the new evidence would change the outcome of the decision. 20 C.F.R. § 404.970(a)(5), (b). However, because the Appeals Council did not state either of these as reasons for rejecting the evidence, the Court need not consider these issues. *See Amber Lynn F.*, Case No. 1:18-CV-03072-RHW, ECF No. 19, at 12 (declining to address good cause requirement when the Appeals Council never stated this as its reason for rejecting the new evidence).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 11

opportunity to consider the VA rating decision is itself an additional and independent basis for remand. *See Luther*, 891 F.3d at 877.

In addition to the improperly rejected VA records, the new evidence from Kym Orthopedics—which, again, the ALJ did not have—also undermines the ALJ's determinations with respect to Plaintiff's knee condition. Based on the evidence she had available, the ALJ found that Plaintiff only suffered from mild knee arthritis. AR 29, 39. However, the August 2017 MRIs revealed bilateral medial meniscus tears and the October 2017 operative report noted a "complex degenerative tear," which required surgical repair. AR 2120-26. In light of the new evidence from Kym Orthopedics, the portions of the ALJ's decision evaluating Plaintiff's knee impairment(s) are no longer supported by substantial evidence. *See Brewes*, 682 F.3d at 1164.

Although the Appeals Council improperly rejected the August 2016 VA rating decision, the additional VA medical records, and the MRIs and surgery report from Kym Orthopedics, the extent of the effect of these records is not immediately clear. Accordingly, remand for further proceedings is appropriate to allow the Commissioner to reconsider the sequential evaluation findings in light of this additional evidence. *Taylor*, 659 F.3d at 1233, 1235; *Amber Lynn F.*, Case No. 1:18-CV-03072-RHW, ECF No. 19, at 11-13.

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~ 12

## VII. Order

Having reviewed the record, the ALJ's findings, and the parties' briefing, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.
2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.
3. The Commissioner's decision to deny Plaintiff's applications for Social Security benefits is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order, pursuant to sentence four of 42 U.S.C. § 405(g).
4. Judgment shall be entered in favor of Plaintiff and against Defendant and the file shall be **closed**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel, and close the file.

**DATED** this March 2, 2020.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge